**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | | |
|---|---|---|
| MIDLAND NATIONAL LIFE INS. CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BREONNA E. AGNEW and | ) | |
| | ) | |
| VIVIAN M. BENNETT, | ) | |
| | ) | |
| Defendants. | ) | 2:10-CV-247-PPS-PRC |
| | ) | |
| BREONNA E. AGNEW, | ) | |
| | ) | |
| Counter-Claimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MIDLAND NATIONAL LIFE INS. CO., | ) | |
| | ) | |
| Counter-Defendant. | ) | |
| | ) | |
| VIVIAN M. BENNETT, | ) | |
| | ) | |
| Cross-Claimant and Third Party-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BREONNA E. AGNEW and | ) | |
| | ) | |
| LYNDA BENNETT-HARPER, | ) | |
| | ) | |
| Cross-Defendant and Third-Party Defendant. | ) | |

## OPINION AND ORDER

When an insurance company receives a change of beneficiary form from a family member a couple days before an insured dies, eyebrows get raised and a dispute usually follows

over who is entitled to the life insurance money. To deal with potentially competing claims, insurance companies can use the interpleader device, which allows them to pay the proceeds into the court, extinguish their liability and allow the claimants to fight it out. That's what Midland National Life Insurance Company did here when it brought this statutory interpleader claim pursuant to 28 U.S.C. § 1335 against defendants Vivian Bennett, an Indiana citizen, and Breonna Agnew, a Missouri citizen [DE 1]. Now Midland seeks a final decree of interpleader, attorneys' fees [DE 31] and also judgment on the pleadings [DE 29], which relates to a counterclaim asserted against Midland by one of the defendants. For the reasons discussed below, the Court **GRANTS** Midland's motion for a final decree of interpleader, but **DENIES** Midland's request for attorneys' fees. Moreover, Midland's motion for judgment on the pleadings is **DENIED AS MOOT**.

## BACKGROUND

According to the pleadings, Midland issued a life insurance policy to Sylvester Bennett who died on January 22, 2010 [*Id.*]. At the time the policy was issued, Mr. Bennett named his then spouse (Vivian Bennett) as the primary beneficiary [*Id.*]. However, on January 18, 2010, less than a week before the Mr. Bennett passed away, Midland received a general durable power of attorney instrument for him, signed by third-party defendant Lynda Bennett-Harper, Mr. Bennett's daughter. The document appoints Bennett-Harper as Mr. Bennett's attorney-in-fact [*Id.* at 30, Ex. C]. On the same date, Midland received a beneficiary change request, also signed by Bennett-Harper, which named Breonna Agnew as the beneficiary to the policy thus replacing Vivian Bennett [*Id.* at 36, Ex. D]. Agnew happens to be Bennett-Harper's daughter.

Not surprisingly, this last minute change in beneficiary has caused some discord with both Bennett and Agnew asserting rights to the proceeds. Faced with conflicting claims,

Midland filed this interpleader action, and the Court granted leave for Midland to deposit its admitted liability, in the amount of $46,192.36, with the Clerk of this Court [DE 5]. The Court then issued a restraining order, pursuant to 28 U.S.C. § 2361, enjoining Agnew and Bennett from pursuing any separate proceedings concerning the disputed proceeds [DE 6].

Agnew answered Midland's complaint and counterclaimed for declaratory relief, asking the Court to find that Midland violated the beneficiary change approval process, and seeking, among other things, punitive damages for Midland's refusal to pay her the proceeds on the policy [DE 11].

Bennett also answered, and filed a cross-claim against Agnew, and a third-party complaint against Bennett-Harper [DE 14]. Bennett asks the Court to find that she is the proper beneficiary, and she seeks damages against Agnew and Bennett-Harper for alleged wrongdoing relating to their roles in the beneficiary change process [*Id.*].

Midland then filed its motion for interpleader relief, and a motion for judgment on the pleadings as to Agnew's counterclaim. In her response to these motions, Agnew concedes that she and Bennett are in dispute as to which of them is entitled to the proceeds [DE 34]. But she asserts that she has no dispute with Midland, and that she is only asking the Court to determine the proper beneficiary [*Id.* at 3].

Bennett, in her response, asserts that she does not oppose Midland's discharge from the case, but objects to Midland's request for attorneys' fees [DE 37].

## DISCUSSION

Interpleader is "an equitable procedure that is used when the stakeholder is in danger of exposure to double liability or the vexation of litigating conflicting claims." *Aaron v. Mahl*, 550 F.3d 659, 663 (7th Cir. 2008) (citing *Indianapolis Colts v. Mayor and City Council of Baltimore*, 741 F.2d 954, 957 (7th Cir. 1984)). An interpleader action generally involves two stages. At the first stage—the only stage at issue in the pending motions—the court determines whether interpleader relief is warranted. *Id.*; *see also* 7 Fed. Prac. & Proc. Civ. § 1714 (3d ed. 2001). The claimants then proceed to a second stage in which the merits of their claims are resolved. *Id*.

Thus, a "successful interpleader suit results in the entry of a discharge judgment on behalf of the stakeholder; once the stakeholder turns the asset over to the registry of the court, all legal obligations to the asset's claimants are satisfied." *In re Mandalay Shores Co-Op Housing Ass'n, Inc.*, 21 F.3d 380, 383 (11th Cir. 1994); *see also Equitable Life Assurance Soc'y v. Jones*, 679 F.2d 356, 358 n.2 (4th Cir. 1982) (citing 7 Fed. Prac. & Proc. Civ. § 1702); *Executive Risk Indem. Inc. v. Speltz & Weis, LLC*, No. 09 C 2750, 2009 WL 3380972, at *2 (N.D. Ill. Oct. 16, 2009).

**I.      Midland's Entitlement to Interpleader Relief**

To obtain the discharge Midland seeks, it must first comply with the jurisdictional terms set forth in the Interpleader Act. Those requirements are: (1) an amount in controversy of $500 or more; (2) diversity between any two contending claimants; and (3) a deposit of the money at issue into the registry of the court. 28 U.S.C. § 1335(a); *see also Executive Risk*, 2009 WL 3380972, at *2.

Midland meets these requirements. First, the amount in controversy, $46,192.36, is well over the jurisdictional amount. Second, diversity exists between the two competing claimants, which satisfies the "minimal diversity" requirement of the statute. *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967); *see also Knox v. American General Life and Acc. Ins. Co.*, No. 1:03-cv-29, 2003 WL 22056301, at *2 (S.D. Ind. Aug. 28, 2003). Finally, it is undisputed that Midland has deposited the amount in controversy with the clerk of the Court.

Because Midland meets these jurisdictional requirements, the question of whether it is entitled to interpleader relief comes down to whether it has "a real and reasonable fear of double liability or conflicting claims." *Aaron*, 550 F.3d at 663 (citing *Indianapolis Colts*, 741 F.2d at 956); *see also* 7 Fed. Prac. & Proc. Civ. § 1704 ("The primary test for determining the propriety of interpleading the adverse claimants and discharging the stakeholder (the so-called "first stage" of interpleader) is whether the stakeholder legitimately fears multiple vexation directed against a single fund.").

Midland is clearly entitled to the equitable relief of discharge here. Midland faces not just a "real and reasonable fear" of conflicting claims, but the reality of being placed in the middle of irreconcilable demands by Bennett and Agnew on the policy proceeds. Indeed, the pleadings filed by Bennett and Agnew establish that those parties have already begun litigating those competing claims. One or both of these competing claims may ultimately be determined to be without merit. But the Court is not required to assess the merits of these claims in determining whether interpleader is appropriate because "the stakeholder should not be obliged at its peril to determine which of two claimants has the better claim." *Aaron v. Merrill Lynch Pierce, Fenner & Smith*, 502 F. Supp. 2d 804, 809 (N.D. Ind. 2007) (quoting *John Hancock Mutual Life Ins. Co. v. Kraft*, 200 F.2d 952, 954 (2d Cir. 1953)); *see also* 7 Fed. Prac. & Proc.

5

Civ. § 1704 ("It is immaterial whether the stakeholder believes that all claims against the fund are meritorious. Indeed, in the usual case, at least one of the claims will be quite tenuous.").

Accordingly, because Midland meets the statutory requirements, and has established that it faces a real and reasonable fear of conflicting claims, it is entitled to the equitable relief of dismissal from this suit.

As for Agnew's declaratory judgment counterclaim against Midland, the Court finds that Agnew voluntarily dismissed that claim by asserting in her response that she has no dispute with Midland [DE 34, ¶ 2], that she is only asking the Court to decide which party is entitled to the insurance proceeds at issue [*Id.*, ¶ 5], and that Midland's motion for judgment on the pleadings was therefore unnecessary [*Id.*, ¶ 7]. Because Agnew's counterclaim against Midland has been deemed voluntarily dismissed, Midland's corresponding motion for judgment on the pleadings is now moot.

## II.     Attorneys' Fees and Costs

Midland does not specify the amount of attorneys' fees and costs it seeks. However, its attorney's declaration, which Midland attaches to its supporting brief, indicates that Midland incurred fees and costs in the amount of $8,561.50 [DE 32-1].

Courts may award attorneys' fees and costs to the plaintiff-stakeholder in an interpleader action under their equitable powers. The Seventh Circuit has observed that "a court may award attorneys' fees and costs to a prevailing stakeholder in an interpleader action if the costs are determined to be reasonable and the stakeholder's efforts are not part of its normal course of business." *Aaron*, 550 F.3d at 667 (citing *Union Cent. Life Ins. Co. v. Hamilton Steel Prods., Inc.*, 493 F.2d 76, 79 (7th Cir. 1974)); *see also* 7 Fed. Prac. & Proc. Civ. § 1719. These awards

typically are drawn from the interpled fund. *Aaron*, 550 F.3d at 667 (citing *First Trust Corp. v. Bryant*, 410 F.3d 842, 856 (6th Cir. 2005)).

However, courts have declined to award attorneys' fees and costs in cases involving insurance policy proceeds because "it is unfair to transfer the insurance company-stakeholder's normal costs of doing business to the claimants, at least one or more of whom is rightfully entitled to the stake." *Life Ins. Co. of North America v. Park,* No. 01 C 2835, 2002 WL 908139, at *4 (N.D. Ill. May 6, 2002); *see also Mandalay Shores*, 21 F.3d at 383 ("Unlike innocent stakeholders who unwittingly come into possession of a disputed asset, an insurance company can plan for interpleader as a regular cost of business and, therefore, is undeserving of a fee award."); *Minnesota Mut. Life Ins. Co. v. Gustafson*, 415 F. Supp. 615, 617 (N.D. Ill. 1976). The Court finds it would be unfair to transfer Midland's costs of doing business to the rightful claimants. Therefore, the Court declines to award attorneys' fees and costs to Midland.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Midland's motion for interpleader relief [DE 31] and **DISMISSES** Midland from this lawsuit **WITH PREJUDICE**. Moreover, Agnew's declaratory judgment counterclaim against Midland is **DISMISSED WITH PREJUDICE**, and Midland's motion for judgment on the pleadings [DE 29] is therefore **DENIED AS MOOT**.

**SO ORDERED**.

ENTERED: July 11, 2011  /s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT